UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re: CONRAD CARMONA SR.,

v.

        Debtor,
_____/

LINDA MORRISON, and VANESSA GOMEZ,

        Appellants/Cross-Appellees,

Case Number 09-11739-BC (Appeal)
Case Number 09-11815-BC (Cross-Appeal)
Honorable Thomas L. Ludington

Bankruptcy Case Number 08-20783
Adversary Proceeding Number 08-02075

CONRAD CARMONA SR.,

        Appellee/Cross-Appellant.
_____/

## ORDER GRANTING APPELLANTS MORRISON AND GOMEZ'S MOTION FOR LEAVE TO APPEAL AND GRANTING CROSS-APPELLANT CARMONA'S MOTION FOR LEAVE TO CROSS-APPEAL

This matter is before the Court on cross-motions to appeal an interlocutory order issued by United States Bankruptcy Judge Daniel S. Opperman in an adversary proceeding. On April 23, 2009, Judge Opperman denied the parties' cross-motions for summary judgment, which raised the issue of whether debt owed by Cross-Appellant Conrad Carmona Sr. ("Carmona") to Appellants Linda Morrison and Vanessa Gomez ("Morrison" and "Gomez"), pursuant to state-court judgments for $10,000 each, are non-dischargeable in bankruptcy. *See* 11 U.S.C. § 532(a)(6) (providing that debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable). As framed in the parties' cross-motions for leave to appeal, if leave is granted, this Court will determine the res judicata or collateral estoppel effect, if any, of a judgment entered pursuant to Michigan's case evaluation procedure, Mich. Ct. R. 2.403.

Under 28 U.S.C. § 158(a)(3), district courts have jurisdiction to hear bankruptcy appeals

"with leave of the court, from interlocutory orders and decrees." The statutory scheme does not explicitly articulate a standard for determining whether leave should be granted. However, subsection (c)(2) provides that an appeal "shall be taken in the same manner as appeals in civil proceedings generally taken to the courts of appeals from the district courts." *Id.* § 158(c)(2). Thus, for guidance, courts have looked to 28 U.S.C. § 1292(b), which provides that an appeal may be taken from an interlocutory order where the order involves "a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation."

On this basis, leave to file an appeal and cross-appeal will be granted in this matter. The parties shall commence preparation of the record in compliance with Federal Rule of Bankruptcy Procedure 8006. Upon receipt of the record, a briefing schedule will issue.

Accordingly, it is **ORDERED** that Appellants Morrison and Gomez's motion for leave to appeal [09-11739, Dkt. # 1] is **GRANTED**.

It is further **ORDERED** that Cross-Appellant Carmona's motion for leave to cross-appeal [09-11815, Dkt. # 1] is **GRANTED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: July 14, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 14, 2009.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---